WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brooke Schweitzer,<br><br>                    Plaintiff,<br><br>v.<br><br>Old Republic General Insurance Company, et al.,<br><br>                    Defendants. | No. CV-24-00440-TUC-SHR<br><br>**Order    Adopting    Report    and Recommendation** |

Pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Jacqueline M. Rateau. (Doc. 51.) The R&R recommends granting Defendants' Motion for Summary Judgment (Doc. 35), denying with prejudice Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. 42), and denying as moot Defendants' Motion to Strike Testimony (Doc. 34). Plaintiff has filed an Objection to the R&R. (Doc. 52.) For the following reasons, the Court will overrule Plaintiff's objections and adopt the R&R.

I.    **Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If an objection is made, the Court "must review the magistrate judge's findings and recommendations de novo." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is obligated to review only the specific portions of the report, proposed findings, or

recommendations to which the parties object. *See* § 636(b)(1). The party seeking de novo review must provide "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shinn*, No. CV 20-322-TUC-JAS (EJM), 2023 WL 6248830, at *7 n.5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). District courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections. *United States v. Ramos*, 65 F.4th 427, 433–35 (9th Cir. 2023) ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work," and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."). Accordingly, objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error. *See Tinlin v. Hudson*, No. CV-24-00425-TUC-JCH, 2025 WL 2468802, at *1 (D. Ariz. Aug. 27, 2025).

## II.    Analysis[1]

As a threshold matter, the Court notes the majority of Plaintiff's objections lack appropriate citations to supporting legal authority. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (rejecting arguments containing "[b]are assertions and lists of facts unaccompanied by analysis" and "completely devoid of caselaw"). And, aside from

---

[1] As the R&R thoroughly discusses the facts and law pertinent to this case, the Court will not repeat that entire discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objections filed by Plaintiff.

broadly citing the entirety of Exhibits A & B—the Industrial Commission of Arizona's decision and findings regarding Plaintiff's award and Plaintiff's 47-page claims file, respectively—her objections are wholly devoid of citations to the record.  *See* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"); *see also Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)."); *Ortloff v. Chandler*, No. CV-16-01910-PHX-SRB, 2019 WL 296205, at *10 n.9 (D. Ariz. Jan. 23, 2019) ("Merely stating . . . the [R&R] contradicts the record—without detailed and persuasive citation to the record—is not an effective manner of objection.").

As the R&R points out, Plaintiff also failed to adequately cite the record and pertinent legal authority in her Response to Defendants' Motion for Summary Judgment and accompanying Statement of Facts.  (Doc. 51 at 6, 14.)  To the extent Plaintiff objects to this finding, arguing she was not required to provide specific pinpoint citations to evidence in the record, the Court disagrees.  *See* LRCiv 56.1(b) (requiring  reference to "specific admissible portion[s] of the record"); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (upholding district court's grant of summary judgment against a party that violated a local rule "expressly indicat[ing] that the [nonmoving party] had an affirmative burden to list genuine issues with appropriate record citations in order to withstand the motion for summary judgment").  (Doc. 52 at 2, 4.)  Indeed, the Court has no independent duty "to scour the record in search of a genuine issue of triable fact" and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."  *Simmons*, 609 F.3d at 1017; *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))).  And while Plaintiff challenges the R&R's finding she failed to cite authority supporting her legal conclusions (Doc. 52 at 4), the Court's review reveals the R&R accurately characterizes Plaintiff's response as lacking citations to statutes and case

law.

Plaintiff's remaining objections challenge the R&R's conclusion summary judgment in Defendant's favor is warranted on both her insurance bad faith and aiding and abetting claims. (*Id.* at 1, 6, 8.) She contends the R&R "improperly resolved disputed material facts in Defendants' favor, misapplied the summary judgment standard by failing to draw all reasonable inferences in Plaintiff's favor, and incorrectly placed legal burdens on Plaintiff that belong to Defendants under Arizona workers' compensation law."[2] (*Id.* at 1.) The Court will address Plaintiff's legal and factual objections as they relate to each of her claims.[3]

## A. Breach of the Implied Covenant of Good Faith and Fair Dealing

The R&R concludes summary judgment in Defendants' favor on Plaintiff's bad faith claim is warranted because Plaintiff failed to offer any probative evidence Defendants acted objectively unreasonably in investigating or processing her claim and knew or should have known they were acting unreasonably. *See Christie's Cabaret of Glendale LLC v. United Nat'l Ins. Co.*, 562 F. Supp. 3d 106, 121 (D. Ariz. 2021) ("Arizona's two-part test for bad faith consists of an objective and a subjective component," with the first prong asking "whether the insurer acted unreasonably toward the insured" and the second prong asking "whether the insurer acted knowingly or with reckless disregard as to the

_____

[2]Plaintiff also objects to the R&R's conclusion she failed to follow Judge Liburdi's scheduling order and the Local Rules of Civil Procedure with respect to the filing of her statement of facts, asserting Defendants' Motion for Summary Judgment should not be granted solely on that basis. (Doc. 51 at 3–4; Doc. 52 at 2.) This objection is without merit. The R&R does not recommend granting Defendants' Motion on this basis alone, instead concluding Plaintiff failed to offer probative evidence supporting an essential element of her insurance bad faith claim and her aiding and abetting claim fails a matter of law. (Doc. 51 at 22, 23–24.)

[3]Although Plaintiff appears to object to the R&R's entire statement of facts, the Court will only review statements identified with specificity. *See Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) ("Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."); *Haley v. Stewart*, CV-02-1087-PHX-DGC (CRP), 2006 WL 1980649, at *2 (D. Ariz. Jul. 11, 2006) ("Congress created the position of magistrate judges to assist district courts in discharging the heavy workload of the federal judiciary. . . . This efficiency would be lost if parties were permitted to invoke the de novo review of the district court merely by interposing general, non-specific objections to the magistrate's R&R.").

reasonableness of its actions."). (Doc. 51 at 22.) Relevant here, the R&R concludes Plaintiff failed to show Defendants' investigation was objectively unreasonable notwithstanding their failure to interview the sole witness identified by name in Plaintiff's claims file because Plaintiff did not explain how interviewing that witness "would have led to the discovery of facts relevant to the uncontroverted reasons Defendant Gallagher denied her claim." (*Id.* at 17–18.) The R&R further concludes Plaintiff had the burden to provide information regarding her work status and wages to Defendants, and, because she failed to provide the necessary information, she could not show Defendants' delay in payment of benefits was objectively unreasonable. (*Id.* at 20–21.) Additionally, the R&R concludes Plaintiff failed to present probative evidence Defendants knew or should have known their conduct was unreasonable. (*Id.* at 21–22.)

First, with respect to whether Defendants adequately investigated Plaintiff's claim, Plaintiff asserts the R&R improperly "shifts the burden to Plaintiff to prove what a proper investigation would have revealed." (Doc. 52 at 6–7.) Plaintiff cites no legal authority supporting this argument, nor does she engage with the authority cited in the R&R indicating it is Plaintiff's burden to show what further investigation would have revealed. (*See* Doc. 51 at 17–18 (citing *Aetna Cas. & Sur. Co. v. Superior Ct.*, 778 P.2d 1333, 1336 (Ariz. Ct. App. 1989) ("An insurance company's failure to adequately investigate only becomes material when a further investigation would have disclosed relevant facts," and a plaintiff must "advise[] th[e] court . . . what additional pertinent facts would have been determined by any further investigation.")).) Additionally, regarding Defendants' failure to interview a witness, Plaintiff challenges the R&R's statement that "neither the ICA award nor the affidavit of Mr. Gage, cited by the relevant paragraph of [Plaintiff's] statement of facts, includes any assertion as to the existence of a witness." (Doc. 51 at 14; Doc. 52 at 5.) Although Plaintiff appears to interpret this statement to mean there were no witnesses to her injury, the challenged statement, in context, merely highlights Plaintiff's failure to provide accurate citations to the record. Indeed, the R&R acknowledges Plaintiff identified a single witness by name and stated two other individuals were present at the

time of her injury.  (Doc. 51 at 10.)

Next, Plaintiff asserts the R&R errs in concluding Defendants' delay in benefit payments was reasonable because Plaintiff failed to provide work status information necessary for calculation of her average monthly wage.  (Doc. 52 at 7.)  Contrary to Plaintiff's assertion, the Court did not conclude the five-month delay was reasonable and instead concluded Plaintiff failed to satisfy her burden of showing the delay was *objectively unreasonable*.  (Doc. 51 at 20.)  In any event, Plaintiff largely repeats the arguments set forth in her Response to Defendants' Motion for Summary Judgment and cites no relevant authority supporting her assertion the R&R "incorrectly place[d] the burden on Plaintiff to provide work status information to Defendants."[4]  (Doc. 52 at 7; *see* Doc. 40 at 4–9.)  The Court finds the R&R's conclusion is not clearly erroneous.  *See Tinlin*, 2025 WL 2468802, at *1.  Further, although Plaintiff challenges the R&R's finding she failed to support her assertion Defendants were required to send payment within 30 days of the Industrial Commission's decision awarding benefits, the R&R correctly concludes Plaintiff provided no pertinent legal authority supporting that assertion.  (Doc. 51 at 6, 20; Doc. 52 at 3.)

Finally, Plaintiff challenges the R&R's conclusion Plaintiff failed to present probative evidence Defendants knew or should have known their conduct was unreasonable because it "fails to draw reasonable inferences in Plaintiff's favor from the undisputed evidence."  (Doc. 52 at 8.)  In support of this argument, Plaintiff points to documents purportedly contained in Plaintiff's claims file but fails to provide any specific citations to the record.  *See* Fed. R. Civ. P. 72(b)(2); *Ortloff*, 2019 WL 296205, at *10 n.9.  Even assuming Plaintiff's assertions are an accurate reflection of the evidence contained in the claims file, Plaintiff fails to establish Defendants acted with reckless disregard or knowledge that their conduct was unreasonable.[5]  *See Meineke v. GAB Bus. Servs., Inc.*,

---

[4]Although Plaintiff cites A.R.S. § 23-1044, this statute is silent as to which party has the burden of providing information to the insurance carrier for payment purposes.

[5]Plaintiff asserts Defendants "said they would pay within 30 days" of agreement upon Plaintiff's average monthly wage and failed to do so but does not cite to evidence in the record indicating Defendants made such a statement.  (Doc. 52 at 6.)  The Court will not search the record to find support for this assertion.  *See Indep. Towers of Wash.*, 350 F.3d at 929.

991 P.2d 267, 271 (Ariz. Ct. App. 2000) (stating mere negligent actions cannot not give rise to a bad faith claim); *Graves v. Nat'l Liab. & Fire Ins. Co.*, No. CV-22-00333-TUC-SHR, 2024 WL 1829254, at *4 (D. Ariz. Mar. 29, 2024) ("Objectively unreasonable delays in paying benefits or investigating a claim can give rise to a bad faith [claim], but, as with any intentional tort, the intent behind these actions is the linchpin of the analysis." (citing *Borland v. Safeco Ins. Co. of Am.*, 709 P.2d 552 (Ariz. Ct. App. 1985))). The Court will overrule Plaintiff's objections related to her bad faith claim.

### B. Aiding and Abetting

The R&R concludes Plaintiff's aiding and abetting claim against Defendant Gallagher fails because Plaintiff has not identified a "distinct" tortious action by Defendant Gallagher "separate and apart" from the facts giving rise to the claim against Defendant Old Republic Insurance Company. (Doc. 51 at 23–24 (citing *Centeno v. Am. Liberty Ins. Co.*, No. CV-18-01059-PHX-SMB, 2019 WL 568926, at *2–3 (D. Ariz. Feb. 12, 2019) (noting "an agent can be liable for aiding and abetting a princi[pal]'s breach of the duty of good faith and fair dealing," but, for the claim "to survive, [plaintiff] must allege some action taken by [the agent] separate and apart from the facts giving rise to the claim against [the principal/insurer]")).)

Plaintiff objects, asserting the R&R's "conclusion that there must be separate conduct by the principal (Old Republic) apart from the agent's (Gallagher's) conduct misconstrues the elements of aiding and abetting." (Doc. 52 at 9–10.) Again, Plaintiff does not provide any legal authority supporting her argument, nor does she engage with the authority cited in the R&R. The Court will overrule Plaintiff's objection.

### III. Conclusion

**IT IS ORDERED** Plaintiff's Objections (Doc. 52) are **OVERRULED** and the R&R (Doc. 51) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** Defendants' Motion for Summary Judgment (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Deny Defendants' Motion for

Summary Judgment (Doc. 42) is **DENIED**.

IT IS FURTHER ORDERED Defendants' Motion to Strike Testimony (Doc. 34) is **DENIED AS MOOT**.

Dated this 27th day of March, 2026.

Honorable Scott H. Rash
United States District Judge